# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RODNEY MYERS, *also known as* Chuck, *also known as* Chuck Myers, BOP Prisoner No. 03761-043,     Movant, | ) ) ) ) ) |
| | ) CIVIL ACTION NO. 1:22-00381-CG-N |
| v. | ) ) CRIMINAL ACTION NO. 1:20-00156-CG-N |
| UNITED STATES OF AMERICA,     Respondent. | ) ) ) |

## REPORT AND RECOMMENDATION

Charles Rodney Myers, a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated September 16, 2022 (Doc# 33),[1] his first such motion challenging the judgment entered against him in the above-numbered criminal action. The assigned District Judge has referred the motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (9/23/2022 electronic reference notation). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under § 2255, in accordance with

---

[1] All "Doc#" citations herein refer to the docket of the above-numbered criminal action. The companion civil action has been opened for administrative and statistical purposes only, and does not contain any filings.

28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.[2]

Upon preliminary review of Myers's § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned found that it plainly appeared from the motion and the record of prior proceedings that Myers is not entitled to relief because his claims are time-barred under 28 U.S.C. § 2255(f), and also are procedurally defaulted from being considered on collateral review. In accordance with the procedure required by *Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649, 653-55 (11th Cir. 2020) (per curiam),[3] on December 1, 2022, the undersigned entered an order that explained why Myer's § 2255 motion was time-barred and procedurally defaulted, granted Myers until January 20, 2023, "to file any briefing

---

[2] The undersigned is cognizant of courts' duty to "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

[3] In *Paez*, the Eleventh Circuit held that a court can *sua sponte* dismiss a 28 U.S.C § 2254 habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts as time-barred, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" 947 F.3d at 653, and (2) the respondent is given similar notice and "an opportunity to respond, including an opportunity to inform the District Court if it intend[s] to waive the timeliness defense." *Id.* at 655. The "preliminary review" mechanism in Rule 4(b) of the Rules Governing 2255 Proceedings is substantively identical to that in Rule 4 of the Rules Governing Section 2254 Cases, which states that a "judge must promptly examine" a state prisoner's habeas petition brought under 28 U.S.C. § 2254, and "must dismiss the petition and direct the clerk to notify the petitioner" without ordering a response from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…" Accordingly, the undersigned finds no reason to conclude that the reasoning in *Paez* cannot be applied in § 2255 proceedings. *See Otero-Pomares v. United States*, No. 23-10079, 2024 WL 3103488, at *3 (11th Cir. June 24, 2024) (per curiam) (unpublished) (applying *Paez* in a § 2255 proceeding).

and supporting materials he deems necessary showing cause why his § 2255 motion should not be dismissed as time-barred… and procedurally defaulted for the reasons explained" in that order, and also granted the Government until the same deadline to file any response it "may wish to make to th[at] order…" (Doc# 34). A copy of that order was mailed to Myers at F.C.I. Memphis in Tennessee, the same address from which Myers mailed his § 2255 motion, and that copy was not returned as undeliverable. To date, Myers has filed nothing further with the Court in this matter since his initial § 2255 motion. The Government also did not file any response to the prior order.

The undersigned finds no reason to reconsider any of the reasoning in the prior order, and remains convinced that Myers's § 2255 motion is due to be **DENIED** and **DISMISSED with prejudice** under Rule 4(b) of the Rules Governing Section 2255 Proceedings because it is both time-barred under § 2255(f) and procedurally defaulted.

### I.    *Procedural Background*

On November 23, 2020, the grand jury for this judicial district issued a 5-count indictment against Myers, charging him with various drug and firearm offenses. (Doc# 1). On February 17, 2021, Myers was appointed counsel, arraigned on the indictment, and pleaded not guilty to all charges. (*See* Doc# 7; Doc# 11, PageID.36). However, on March 24, 2021, Myers entered a plea of guilty to Counts One and Five of the indictment—charging, respectively, conspiracy to possesses with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and possession of a

firearm while prohibited due to a prior felony conviction in violation of 18 U.S.C. § 922(g)(1) (*see* Doc# 1, PageID.1-2, 5-6)—pursuant to a written plea agreement with the Government. (*See* Docs# 17, 18).

On June 23, 2021, the Court sentenced Myers to a total term of 300 months' imprisonment followed by 10 years of supervised release—consisting of 300 months' imprisonment and 10 years of supervised release as to Count One, and 262 months' imprisonment and 5 years of supervised release as to Count Five, to run concurrently. (*See* Doc# 27). All other counts were dismissed on motion of the Government. (*Id.*). Written judgment was entered on June 28, 2021. (*Id.*). Neither Myer nor the Government directly appealed the judgment, and the time to do so expired after Monday, July 12, 2021, 14 days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A). Myers is deemed to have filed the present § 2255 motion on September 16, 2022, the date he represents that he delivered the motion to prison officials for mailing to the Court. *See* (Doc# 33, PageID.186); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing").

## II.   *Analysis*

### a.   Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion." *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007) (per curiam). "The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (quotation omitted).

There is no basis apparent in the record for applying the §§ 2255(f)(2), (3), and (4) trigger dates to any of Myers's claims, and his motion is plainly untimely under § 2255(f)(1). Myers's judgment of conviction became final on Tuesday, July 13, 2021, the day after the time for Myers to directly appeal it expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Thus, Myers had until Wednesday, July 13, 2022,[4] to file a § 2255 motion collaterally attacking his judgment of conviction. However, Myers did not file the present § 2255 motion until September 16, 2022, over 2 months later.

---

[4] *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]his Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").

The Court may still review Myers's untimely § 2255 motion if he can demonstrate entitlement to equitable tolling.

> In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time.

*Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (citations and quotations omitted). However, because it is "an extraordinary remedy, equitable tolling has been permitted by federal courts only sparingly…" *Id.* at 1038-39 (citation and quotations omitted).[5]

In the section of Myers's § 2255 motion asking him to explain the timeliness of the motion, Myers states as follows:

> Section (a) states that that [sic] a court without jurisdiction to propose a sentence that is over the maximum is subject for review. Stating that the court may move to correct the sentence that the defendant is currently serving. Possible relief is set for Mr. Myers during his tenure in the federal correction system, this would fall under section (b).
>
> United States vs. Fields 19-cr-00029 was brought to the defendants [sic] attention after the conviction and sentencing. 21 U.S.C. § 802 maximum sentence for serious drug felonies is 10 years or more. The defendant was not released within the last 15 years prior to the current conviction,

---

[5] A defendant's "*pro se* status does not entitle him to equitable tolling, as *pro se* litigants are responsible for knowing and complying with the statute of limitations." *Johnson v. Warden*, 738 F. App'x 1003, 1007 (11th Cir. 2018) (per curiam) (unpublished) (citing *Outler*, 485 F.3d at 1282 n.4).

> at the federal level. Mr. Myers did not provide substantial assistance for defenders, this would cause them to impose the maximum sentence on such person, not acting in good faith.

(Doc# 33, PageID.185).

None of the foregoing arguments excuses the untimeliness of Myers's motion. To the extent Myers argues that his sentence exceeded the maximum allowed by law, the 1-year statute of limitations applies to any "motion under" § 2255, 28 U.S.C. § 2255(f), which expressly includes motions "that the sentence was in excess of the maximum authorized by law…" 28 U.S.C. § 2255(a). Because Myers claims relief expressly contemplated by § 2255, it is subject to that statute's limitations period.

Moreover, Myers was not sentenced in excess of the maximum authorized by law for either Count One or Five. Count One charged him with conspiracy to violate 21 U.S.C. § 841(a)(1), which subjected him to "the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. The indictment also alleged that Myers was subject to the penalty provision of 21 U.S.C. § 841(b)(1)(A) applicable if a defendant "commits … a violation [of § 841(a) involving any of the drug quantities prescribed under § 841(b)(1)(A)] after a prior conviction for a serious drug felony or serious violent felony has become final," (*see* Doc# 1, PageID.2), meaning that Myers was subject to "a term of imprisonment of not less than 15 years and not more than life imprisonment[,]" and "a term of supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(A). Myers was sentenced on Count One to 300 months'

imprisonment and 10 years of supervised release, less than the maximum prescribed for the Count One offense.

Count Five charged a violation of 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 924(e)(1), "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years…" Per the Presentence Investigation Report (Doc# 21) prepared by the U.S. Probation Office—to which Myers filed no objections before sentencing, and which the Court adopted "without change" in imposing its sentence (*see* Doc# 28, PageID.154)—Myers had at least three prior serious drug offense convictions subjecting him to the penalty enhancement in § 924(e)(1). (Doc# 21, PageID.112).[6] That enhancement also made Myers's § 922(g)(1) conviction a Class A felony, *see* 18 U.S.C. § 3581(b)(1) ("the authorized term[] of imprisonment … for a Class A felony[ is] the duration of the defendant's life or any period of time…"), thus subjecting him to up to 5 years of supervised release. *See* 18 U.S.C. § 3583(b)(1). Myers was sentenced on Count Five to 262 months' imprisonment, less than the statutory maximum of life prescribed by § 924(e)(1), and 5 years of supervised release, the exact maximum allowed by § 3583(b)(1). Accordingly, Myers's claims that he was sentenced to terms

---

[6] "In determining the nature of a defendant's prior convictions and whether to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on … any undisputed facts in the presentence investigation report." *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016) (per curiam).

of imprisonment and/or supervised release in excess of that allowed by law are without merit.[7]

To the extent Myers argues his learning of the decision in "United States vs. Fields 19-cr-00029" post-sentencing excuses the untimeliness of his motion, he has not explained the significance of that case. Regardless, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) (quotation omitted)). *Accord, e.g., Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (per curiam) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court…"); *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam) ("The opinion of a district court carries no precedential weight, even within the same district."). Accordingly, a district court's decision in another case—given the format of the case number, the undersigned assumes that this purported "United States v. Fields" is a district court

---

[7] Myers appears to argue that his prior convictions were not "serious drug felonies" because they did not meet 21 U.S.C. § 802(57 (2nd)) ("As used in this subchapter[, t]he term 'serious drug felony' means an offense described in section 924(e)(2) of Title 18 for which--(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."). However, § 924(e) specifies that, "as used in th[at] subsection[,] the term 'serious drug offense' means" only what is defined in § 924(e)(2), without the additional factors of § 802. 18 U.S.C. § 924(e)(2)(A). Moreover, the definition of "serious drug felony" found in § 802(57 (2nd)) only applies to the subchapter in which that section is found, Subchapter I of Chapter 13 of Title 21 of the United States Code. Section 924(e), on the other hand, is found in Chapter 44 of Title 18 of the United States Code.

case[8]—does not create any "right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" that would entitle Myers to have his statute of limitation run under § 2255(f)(3), nor does purported late discovery of that case constitute "extraordinary circumstances" entitling him to equitable tolling.

In addition to equitable tolling, a showing of "actual innocence" under the standard announced in *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) can overcome AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). However, much like equitable tolling, "the *Schlup* standard is demanding[,]" and "tenable actual-innocence gateway pleas are rare…" *Id.*, 569 U.S. at 386, 401. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316). " '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329). "This exception is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence. Actual innocence means factual innocence, not mere legal innocence." *Lynn v. United*

---

[8] This Court's case number "19-cr-00029" is not "United States v. Fields," but "United States v. Ryan Cody Goodman."

*States*, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004) (per curiam) (citations and quotations omitted). Myers's § 2255 motion, however, makes no claim of such "actual innocence," nor do its allegations suggest that Myers can present any "evidence of innocence" sufficient to make such a showing.

The undersigned explained the foregoing to Myers, in substantially the same terms, in the December 1, 2022 order (Doc# 34), and Myers failed to offer any argument or evidence to rebut that reasoning. Accordingly, Myers's § 2255 motion is due to be dismissed as untimely.

### b.    Procedural Default

In addition to being untimely, all of Myers's § 2255 claims are also due to be denied because they could have been raised on direct appeal but were not.

"[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn*, 365 F.3d at 1232. "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232 (internal citations, quotations, and footnote omitted). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Id.* at 1234

(citations omitted). " 'A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.* at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)). Myers's claims—that he was entitled to a jury trial to determine whether his prior criminal record subjected him to § 924(e)'s sentencing enhancement, and whether some of his prior offenses actually qualified as predicate offenses for purposes of that enhancement—could have been raised on direct appeal, but were not. Thus, those claims are procedurally defaulted.

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 1234 (citations and quotations omitted).[9]

---

[9] The Supreme Court has "excepted ineffective-assistance-of-counsel claims from the general procedural default rule" and recognized that a § 2255 motion is generally preferable for deciding such claims. *Lynn*, 365 F.3d at 1234 n.17 (citing *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 1692, 155 L. Ed. 2d 714 (2003)). Noting that "[t]he procedural default rule is neither a statutory nor a constitutional requirement, but … is [instead] a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments[,]" the Supreme Court "conclude[d] that requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote these objectives." *Massaro*, 538 U.S. at 504. However, Myers's § 2255 motion raises no ineffective-assistance-of-counsel claims, nor does he raise any other claims that could arguably be excepted from the procedural default rule under *Massaro*'s reasoning.

As with the timeliness issue, the undersigned explained the foregoing regarding procedural default to Myers in the December 1, 2022 order (Doc# 34), and Myers failed to offer any argument or evidence to rebut that reasoning. Accordingly, Myers's § 2255 motion is also due to be dismissed as procedurally defaulted.

### c.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a

petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Myers should be **DENIED** a certificate of appealability in conjunction with the dismissal of the present § 2255 motion because he has failed to make a substantial showing of the denial of a constitutional right, and because jurists of reason would not find it debatable whether the Court was correct in dismissing his § 2255 motion as both time-barred and procedurally defaulted.[10]

---

[10]  Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.
    Should this Court ultimately deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

### d.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).[11]

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned will recommend the Court certify that any appeal by Myers of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[12]

---

[11] A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

[12] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the § 2255 movant may file a motion to proceed on appeal *in forma pauperis*

### III.     *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Myers's § 2255 motion dated September 16, 2022 (Doc# 33) be **DENIED** and **DISMISSED with prejudice** under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; that Myers be **DENIED** a Certificate of Appealability in relation to the dismissal of the subject § 2255 motion; and that said judgment be set out by separate document under Federal Rule of Civil Procedure 58.[13] The undersigned further **RECOMMENDS** the Court certify that any appeal by Myers of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the

---

with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

[13] *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure…, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."); *Sassoon v. United States*, 549 F.2d 983 (5th Cir. 1977) (applying Rule 58's separate-document requirement in a § 2255 proceeding); *United States v. Hassebrock*, 21 F.4th 494, 497 (7th Cir. 2021) (in holding that Rule 58 applied to *coram nobis* proceedings, noting that "[m]any [other] circuits have applied Rule 58 to § 2255 motions").

Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **16th** day of **December 2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**